IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

SHERRY ODEN,

    Plaintiff,

vs.                                        No. 15-2184-JTF-dkv

MID SOUTH HEALTH REHAB,

    Defendant.

_____

REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL

_____

On March 17, 2015, the plaintiff, Sherry Oden ("Oden"), filed a *pro se* complaint against the defendant, MidSouth Health and Rehabilitation ("MHR"), alleging race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). (Compl., ECF No. 1.) Accompanying the complaint was a motion seeking leave to proceed *in forma pauperis*. (Mot., ECF No. 2.) On March 18, 2015, the court issued an order granting Oden leave to proceed *in forma pauperis*. (Order, ECF No. 5.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, April 29, 2013.) For the reasons that follow, it is recommended that this case be dismissed for failure to state a claim.

I.  PROPOSED FINDINGS OF FACT

Oden filed her complaint on a court-supplied form styled "Complaint" pursuant Title VII of the Civil Rights Act of 1964. In the complaint, Oden alleges that MHR discriminated against her on the basis of race and retaliated against her. (Compl. ¶ 9, ECF No. 1.) For the discriminatory conduct of which she complains, she checked the boxes in the form complaint corresponding to "unequal terms and conditions of her employment" and "retaliation." (*Id.* at ¶ 6.)

In the section of the form complaint which calls for the "facts" of the case, Oden did not set forth any factual allegations describing the alleged discrimination. (*Id.* at ¶ 6.) Instead, she referred to and attached her Tennessee Human Rights Commission ("THRC") Charge of Discrimination. The charge of discrimination states:

> On January 17, 2013, I was disciplined for not doing my work (when I was not given a linen cart so that I would have adequate supplies to perform my work and I was not allowed to explain and no one offered to help me). All of the other CNA's (who happen to be Black) were given enough supplies to perform their jobs. I started working for the company in 2010; and I quit on March 4, 2013 in order to do to school.
>
> I believe I have been discriminated against because of my race (White) in violation of Title VII of the Civil Rights Act of 1964, as amended.

(THRC Charge of Discrimination, ECF No. 1-1.)

Oden states that she filed charges against MHR with the THRC on January 13, 2013 and with the Equal Employment Opportunity Commission ("EEOC") on May 27, 2013 and that the EEOC issued a Notice

of Right to Sue on December 15, 2014. Oden does not include the date she received the notice, but notes the date of mailing by the EEOC on the complaint form. Attached to her complaint is the right-to-sue notice mailed by the EEOC on December 15, 2014. For relief, Oden seeks equitable or injunctive relief for "pain and suffering and the stress never ending." (Compl. ¶6, ECF No. 1.)

II. PROPOSED CONCLUSIONS OF LAW

A. 28 U.S.C. § 1915(e)(2) Screening

Pursuant to Local Rule 4.1(a), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2). The clerk is authorized to issue summonses to *pro se* litigants only after that review is complete and an order of the court issues.

This report and recommendation will constitute the court's screening. The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action —

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

B. Standard of Review for Failure to State a Claim

In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "A complaint must "'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009)(quoting *Iqbal*, 556 U.S. at 678). The court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."). The Supreme Court's decision in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002), makes clear that Title VII plaintiffs are not

4

required to plead the elements of a prima facie case under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). All that is required is that the complaint comply with "Rule 8(a)'s simplified pleading standard." *Swierkiewicz,* 534 U.S. at 513.

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.")(internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 Fed. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a

particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C. Oden's Title VII Race Discrimination Claim

Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . ." 42 U.S.C. § 2000e-2(a)(1). The essential elements of a Title VII race discrimination claim are (1) that the plaintiff is a member of a protected group; (2) that she was subjected to an adverse employment decision; (3) that she was qualified for the position; and (4) that either similarly situated non-protected employees were treated more favorably or she was replaced by someone outside her protected class. *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 363 (6th Cir. 2010).

In *Kocsis v. Multi-Care Management, Inc.,* 97 F.3d 876, 886 (6th Cir. 1996), the Sixth Circuit examined the factors that must be considered in determining whether an employment action was materially adverse under the ADA. The factors equally apply to claims of discrimination arising under Title VII. *Hollins*, 188 F.3d 652, 662 (6th Cir. 1999). "A materially adverse change in the terms and conditions of employment must be more disruptive than a mere

6

inconvenience or an alteration of job responsibilities." (*Id*.) A materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation. *Hollins*, 188 F.3d at 662 (quoting *Crady v. Liberty Nat'l Bank & Trust Co. of Indiana*, 993 F.2d 132, 136 (7th Cir. 1993)).

Oden does not allege an adverse action other than she "was disciplined for not doing [her] work." (THRC Charge, ECF No. 1-1.) She does not claim that she suffered a reduction in pay or a change in title or that she was suspended, demoted, or terminated. In fact, she states she "quit on March 4, 2013 in order to go to school." (*Id*.) Merely being disciplined is not a materially adverse action. Thus, Oden fails to allege sufficient facts to state a claim for racial discrimination.

C. Oden's Title VII Retaliation Claim

Oden has failed to exhaust her administrative remedies as to her claim of retaliation. "A person seeking to bring a discrimination claim under Title VII in federal court must first exhaust [his] administrative remedies." *Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 731 (6th Cir. 2006). The purpose of this requirement is to allow the EEOC the opportunity to convince

7

the parties to resolve the matter by voluntary settlement rather than through litigation. *Id.* at 731-32 (citing *Parsons v. Yellow Freight Sys., Inc.*, 741 F.2d 871, 873 (6th Cir. 1984)). Administrative exhaustion involves (1) timely filing a charge of employment discrimination with the EEOC and (2) receiving and acting upon a statutory right-to-sue notice. *Granderson v. Univ. of Mich.*, 211 Fed. App'x 398, 400 (6th Cir. 2006)(citing *Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1486 (6th Cir. 1989)). The charge of discrimination must be liberally construed, and it need not "conform to legal technicalities" or "use the exact wording which might be required in a judicial pleading." *Jones v. Sumser Ret. Vill.*, 209 F.3d 851, 853 (6th Cir. 2000)(internal quotation marks omitted). Nonetheless, for a discrimination claim to be amenable to suit in federal court, "[t]he claim must grow out of the investigation or the facts alleged in the charge must be sufficiently related to the claim such that those facts would prompt an investigation of the claim." *Id.* (citing *Davis v. Sodexho*, 157 F.3d 460, 463 (6th Cir. 1998); *see also Haithcock v. Frank*, 958 F.2d 671, 675 (6th Cir. 1992)(stating that the claim must be one "reasonably expected to grow out of the charge of discrimination"). Accordingly, "[i]f a charge of discrimination contains no facts that would put a defendant on notice of a particular type of discrimination, a plaintiff may not file suit to remedy it under Title VII." *Powers v. Sonoco Prods, Co.*, No.

8

11-02061, 2011 WL 6012603, at *3 (W.D. Tenn. Dec. 1, 2011).

Oden's THRC charge contains no claim of retaliation. She did not mark the box on her THRC charge corresponding to retaliation nor did she allege retaliation in the box provided for the particulars of her claim. Even liberally construed, Oden's charge fails to give the EEOC sufficient notice of her retaliation claim in order to prompt the EEOC to investigate a retaliation claim or attempt to conciliate it. Thus, Oden has failed to exhaust her administrative remedies.

In addition, Oden has failed to plead sufficient facts to state a claim for retaliation. To state a claim of retaliation under Title VII, a plaintiff must allege that: (1) she acted in a manner protected by Title VII; (2) that the defendant knew of this exercise of protected activity; (3) that the defendant subsequently took an adverse action against her; and (4) the adverse action had a causal connection to the protected activity. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006).

Oden does not allege that she engaged in any protected act. Simply checking the box in the form complaint for retaliation without alleging any facts from which the court can infer the essential elements of a retaliation claim is not sufficient to state a claim for retaliation. For these reasons, it is recommended that Oden's claim of retaliation be dismissed.

III. RECOMMENDATION

For the foregoing reasons, it is recommended that Oden's complaint be dismissed *sua sponte* in its entirety under 28 U.S.C. § 1915(e)(2)(B)(ii).

Respectfully submitted this 26th day of March, 2015.

s/Diane K. Vescovo
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.