# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

|  |  |
|---|---|
| SHERRY ODEN, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:15-cv-02184-JTF-dkv |
| MID SOUTH HEALTH REHAB, | ) |
| Defendant. | ) |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION FOR SUA SPONTE DISMISSAL

Before the Court comes Plaintiff Sherry Oden's *pro se* Complaint alleging race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. (ECF No. 1). This case was referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, April 29, 2013). Pursuant to such Order, on March 26, 2015, the Magistrate Judge issued her Report and Recommendation that Plaintiff's Complaint be dismissed via 28 U.S.C. § 1915(e)(2) review. (ECF No. 6). Plaintiff did not file objections to the Magistrate Judge's Report and Recommendation. However, Plaintiff did file an Amended Complaint on April 6, 2015, containing additional factual allegations. (ECF No. 7).

For the following reasons, the Court finds the Magistrate Judge's Report and Recommendation should be ADOPTED even with the additional facts laid out in Plaintiff's Amended Complaint.

## I. FACTUAL HISTORY

The Plaintiff has filed no objections to the Magistrate Judge's proposed facts. Therefore, the Court adopts the Magistrate Judge's proposed findings of fact as the factual history. (ECF No. 6 at 2-3). Further, the Court accepts as true the following additional factual allegations taken from Plaintiff's Amended Complaint. (ECF No. 7); *see generally* (ECF No. 7-4) (describing the January 17, 2013, incident in more detail). Plaintiff alleges that Abby Lipford discriminated against Plaintiff when "words of HIPPA violation came out of [Plaintiff's] mouth." (ECF No. 7 at 2). Additionally, Plaintiff alleges many other workplace complaints. (ECF No. 7-1) (stating that food from the kitchen was "scorching hot"); *see also* (ECF No. 7-5) (stating that "[b]ecause of those many [HIPPA] complaints [Plaintiff's] work hours started to be less than other black female CNA's that w[ere] also on the same work shift as [Plaintiff]."). Plaintiff also felt discriminated when the cafeteria staff would provide free meals to friends, but not to her. (ECF No. 7-6).

## II. STANDARD OF REVIEW

### A. Review of a Magistrate Judge's Determination

The district court has the authority to "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion." 28 U.S.C. § 636(b)(1)(B). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The district court has appellate jurisdiction over any decisions the magistrate judge issues pursuant to such a referral. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72. The standard of review that

is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See* Fed R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *Baker v. Peterson*, 67 Fed. App'x 308, 310 (6th Cir. 2003) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard." (internal citations omitted)).

**B. Rule 12(b)(6)**

Fed. R. Civ. P. 12(b)(6) provides for dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). This allows the "defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if *everything alleged* in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993) (emphasis added) (citing *Nishiyama v. Dickson Cnty.*, 814 F.2d 277, 279 (6th Cir. 1987)).

When evaluating a motion to dismiss under Fed. R. 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The "[f]actual allegations must be enough to raise a right to relief above [a] speculative level." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (first alteration in original) (quoting *Twombly*, 550 U.S. at 555). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Although the complaint need not contain detailed factual allegations, a plaintiff's "[]bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*,

3

550 U.S. at 555) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the . . . court to draw on its experience and common sense." *Id.* at 663-64 (citing *Twombly*, 550 U.S. at 556). When undertaking a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), the Court may look to "'matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint'" for guidance. *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (quoting *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001))).

III. ANALYSIS

**A. The Magistrate Judge's Report and Recommendation**

In her Report and Recommendation, the Magistrate Judge screened Plaintiff's original Complaint pursuant to 28 U.S.C. § 1915(e)(2). (ECF No. 6). The Magistrate Judge recommended that Plaintiff's claims for race discrimination and retaliation must be dismissed for failure to state a claim on which relief may be granted. *Id.* at 1. Specifically, the Magistrate Judge's proposed conclusions of law are as follows:

1. Claim for Race Discrimination

The Magistrate Judge concluded that Plaintiff had not alleged an adverse employment decision. *See Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 363 (6th Cir. 2010) ("To establish a claim of discrimination indirectly . . . a plaintiff must demonstrate (1) that he is a member of a protected class; (2) that he suffered an adverse employment action; (3) that he was qualified for the position; and (4) that a similarly-situated employee outside the protected class . . . was treated more favorably than he." (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973))). Specifically, the Magistrate Judge concluded that the "discipline" in this case did not

4

amount to more than an "inconvenience or an alteration of job responsibilities." (ECF No. 6 at 6-7) (citing *Hollins v. Atlantic Co.*, 188 F.3d 652, 652 (6th Cir. 1999) ("A materially adverse change in the terms and conditions of employment must be more disruptive than a mere inconvenience or an alteration of job responsibilities.")). Plaintiff did not allege "'termination of employment,[1] a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation.'" *Kocsis v. Multi-Care Mgmt.*, 97 F.3d 876, 886 (6th Cir. 1996) (citing *Crady v. Liberty Nat'l Bank & Trust Co.*, 993 F.2d 132, 136 (7th Cir. 1993)).

2. Claim for Retaliation

The Magistrate Judge determined that Plaintiff "failed to exhaust her administrative remedies as to her claim of retaliation." (ECF No. 6 at 7) (citing *Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 731 (6th Cir. 2006) ("A person seeking to bring a discrimination claim under Title VII in federal court must first exhaust her administrative remedies.")). "The claim must grow out of the investigation or the facts alleged in the charge must be sufficiently related to the claim such that those facts would prompt an investigation of the claim." *Jones v. Sumser Ret. Vill.*, 209 F.3d 851, 853 (6th Cir. 2000) (citing *Davis v. Sodhexo*, 157 F.3d 460, 463 (6th Cir. 1998)). Neither Plaintiff's Charge of Discrimination nor accompanying right to sue letter contain a reference to any protected activity necessary to claim retaliation. (ECF No. 6 at 8-9); *see also* (ECF No. 1-1).

**B. *De Novo* Review of the Magistrate Judge's Report and Recommendation**

Plaintiff did not file objections to the Magistrate Judge's Report and Recommendation. The Sixth Circuit has emphasized that objections are to be specific in order to narrowly focus the

---

[1] Plaintiff quit voluntarily on March 4, 2013, to pursue schooling. (ECF No. 1-1 at 2). *But see* (ECF No. 7 at 2) (Plaintiff "was terminated form Mid South Health + Rehab Center.").

5

district court's attention on the dispositive and contentious issues. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985)) ([O]bjections were to address specific concerns[,which is] . . . 'supported by sound considerations of judicial economy. . . . [This] thereby prevent[s] the district court from being 'sandbagged' [on appellate review] by a failure to object."). Without an objection, it is difficult for the Court to construe how the Magistrate Judge's Report and Recommendation misrepresented the facts of this case or what cause or issue the parties could find objection. The failure to identify specific concerns with a Magistrate Judge's report and recommendation allows the party's objection to be deemed a general objection, or a failure to object entirely. *McCready v. Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004) (citing *Howard*, 932 F.2d at 509). However, the Court will consider Plaintiff's Amended Complaint in review of the Magistrate Judge's Report and Recommendation.

Upon *de novo* review, the Court does not find issue with the Magistrate Judge's proposed conclusions of law in dismissing this case. First, the Magistrate Judge properly found that one incident of a short-supply of linen could not be construed as a material adverse employment action. This single incident is a "mere inconvenience" that does not result in significantly diminished responsibilities. *See Hollins*, 188 F.3d at 652; *Kocsis*, 97 F.3d at 886. Although Plaintiff now claims that she was terminated, *see* (ECF No. 7-5 at 1), Plaintiff did not provide this to the EEOC or the Magistrate Judge for consideration. Instead, Plaintiff stated that she voluntarily quit to pursue schooling. (ECF No. 1-1 at 2). Such allegation regarding termination is clearly not exhausted. Additionally, Plaintiff now states that her "work hours started to be less than other black female CNA's that w[ere] on the same work shift." (ECF No. 7-5 at 2). However, Plaintiff does not allege that this is based on racial discrimination, but instead based on

6

her "many complaints . . . under the Whistleblower Protection Program." *Id.* Further, Plaintiff's factual allegation regarding discrimination in free lunches does not change this outcome. Plaintiff herself acknowledges that such lunches were given out because of friendship and not because of discrimination of a "protected class." (ECF No. 7-6) ("[O]ther CNA's and nurses routinely received meals for free because they were friends of the cafeteria staff."). As such, the Court finds dismissal of Plaintiff's racial discrimination claim proper even in light of Plaintiff's Amended Complaint.

Second, the Magistrate Judge properly concluded that Plaintiff was barred from asserting her retaliation claim for failure to exhaust administrative remedies. Although Plaintiff now provides a factual basis for a retaliation claim, Plaintiff still did not provide the EEOC with sufficient notice of her retaliation claim. *Jones*, 209 F.3d at 853 ("The claim must grow out of the investigation or the facts alleged in the charge must be sufficiently related to the claim such that those facts would prompt an investigation of the claim."). Any claim stemming from Plaintiff's complaints regarding HIPPA violations cannot be the basis for suit in this Court without first exhausting her administrative remedies. *Randolph*, 453 F.3d at 731 ("A person seeking to bring a discrimination claim under Title VII in federal court must first exhaust her administrative remedies."). With Plaintiff's new facts failing to cure the defects of the original Complaint (i.e. exhaustion of administrative remedies), this Court finds the Magistrate Judge's analysis and recommendation proper even in light of Plaintiff's Amended Complaint.

IV. **CONCLUSION**

For the reasons set forth above, the Court ADOPTS the Magistrate Judge's Report and Recommendation. Therefore, this case is dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Defendant's Motion to Dismiss, (ECF No. 8), is DENIED as MOOT.

**IT IS SO ORDERED** on this 1st day of May, 2015.

*s/John T. Fowlkes, Jr.*
John T. Fowlkes, Jr.
United States District Judge